UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-61207-SMITH/VALLE

JACKSON ELY, and other similarly
situated individuals,

    Plaintiff,

v.

AL HENDRICKSON JR. ENTERPRISES,
INC., d/b/a Al Hendrickson Toyota; and
ALFRED E. HENDRICKSON, JR.,

    Defendants.
    _____/

# ORDER

**THIS CAUSE** is before the Court on Defendants' Al Hendrickson Jr. Enterprises, Inc. and Alfred E. Hendrickson, Jr.'s Motion to Dismiss and Compel Arbitration, or Alternatively, to Strike Class Allegations and Dismiss Count II (ECF No. 20) ("Motion"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, and the record as a whole.

Plaintiff Jackson Ely brings a two-count complaint against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"). *See* ECF No. 1 ("Complaint"). Defendants move to compel arbitration and dismiss the Complaint or at a minimum stay the proceedings, contending that Plaintiff Ely executed, agreed to and is bound by a binding and mandatory arbitration provision that covers Plaintiff's claims; likewise, Defendants argue that opt-in Plaintiff Joseph Medard executed an identical arbitration agreement and thus should be compelled to arbitrate his claims. Alternatively, if arbitration is not compelled, Defendants move to strike the

1

class/collective allegations in the Complaint as a result of Plaintiffs executing class/collective action waivers; and move to dismiss Count II for failure to state a claim.

The motion to compel arbitration is functionally unopposed. Plaintiffs concede in their Response that Plaintiff Ely signed a Mutual Agreement to Arbitrate Employment Disputes ("Arbitration Agreement") on or about November 15, 2007, and Plaintiff Medard signed the same or similar agreement on or about April 15, 2010, which covers all claims raised in the Complaint. *See* ECF No. 27. As such, Plaintiffs acknowledge that the action should be stayed until the parties arbitrate.

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 (2002), *et seq.*, courts must consider three factors in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written arbitration agreement exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived? *See Integrated Sec. Servs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009). All three factors are met here. The parties agree that a valid written arbitration agreement exists for both Plaintiffs; that the Arbitration Agreement covers all claims raised in the Complaint; and that the right to arbitrate was not waived. Accordingly, the motion to compel arbitration is granted, and the Court need not reach Defendant's alternative arguments as to striking the class/collective allegations, or dismissing Count II for failure to state a claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss and Compel Arbitration (ECF No. 20) is **GRANTED in part.** The parties must submit to arbitration all claims asserted in this matter in accordance with the Arbitration Agreement within sixty (60) days of the date of this Order.

2. The Court will retain jurisdiction for purposes of enforcing this Order.

3. The Clerk of the Court is directed to **CLOSE** this matter. All pending motions are **DENIED AS MOOT**, and any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of August, 2019.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE